IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **YUMILICIOUS FRANCHISE, L.L.C.**, | § | |
| | § | |
| Plaintiff-Counterdefendant, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4841-L** |
| | § | |
| **MATT BARRIE, KELLY GLYNN,** | § | |
| **BRIAN GLYNN, and WHY NOT, L.L.C.**, | § | |
| | § | |
| Defendants-Counterplaintiffs. | § | |

## MEMORANDUM OPINION AND ORDER

On April 23, 2015, the court *sua sponte* questioned whether Defendants' sole remaining counterclaim alleging violations of the Federal Trade Commission Act Disclosure Rules (the "Franchise Rule") should be dismissed as a matter of law for lack of a private right of action. *See Yumilicious Franchise, L.L.C. v. Barrie*, 2015 WL 1856729, at *11 (N.D. Tex. Apr. 23, 2015) (citing 16 C.F.R. § 436 (2013)).[1] In accordance with the court's order, the parties have submitted legal briefing on this issue. *See* Defendants' Brief to Show Cause Why Remaining Claims Should Not be Dismissed and For Leave to Amend (Doc. 49); Yumilicious Response to Court's *Sua Sponte* Motion for Summary Judgment and/or to Dismiss (Doc. 50). Having considered the parties' briefing, prior court orders in this case, the record, and applicable law, and for the reasons stated

---

[1] The Federal Trade Commission ("FTC") has promulgated regulations titled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures," 16 C.F.R. § 436 (2013), commonly known as the "Franchise Rule." *See generally* John Boudreau, et al., 62B Am. Jur. 2d Private Franchise Contracts § 26 (2d ed. 2014). Before selling a franchise, the Franchise Rule requires a franchisor to provide a prospective franchisee with a detailed disclosure statement, also known as a franchise disclosure document, that contains certain prescribed information about the business opportunity being offered, including current financial condition and the track record of any other franchisee. *Id.; see also* 16 C.F.R. §§ 436.2, 436.5. The disclosure requirements in the Franchise Rule are "designed to protect prospective purchasers from the financial hardships that arise when they purchase franchises . . . without essential, reliable information about them." Boudreau, *supra*, ¶ 26.

**Memorandum Opinion and Order - Page 1**

below, the court concludes that Defendants' remaining counterclaim alleging violations of the Franchise Rule should be dismissed for lack a private right of action.[2]

## I.   Factual Background and Procedural History

This lawsuit arises from a failed franchise relationship between Plaintiff-Counterdefendant Yumilicious Franchise, L.L.C. ("Yumilicious") and Defendants-Counterplaintiffs Why Not, L.L.C. ("Why Not"), and its principals Matt Barrie, Kelly Glynn, and Brian Glynn (collectively, "Defendants"). The court has addressed this lawsuit in several prior opinions and assumes the parties' familiarity with the facts and procedural history. *See Yumilicious Franchise, L.L.C. v. Barrie*, 2014 WL 4055475 (N.D. Tex. Aug. 14, 2014) ("*Yumilicious I*"), reconsideration denied by *Yumilicious Franchise, L.L.C. v. Barrie*, 2015 WL 1822877 (N.D. Tex. Apr. 22, 2015) ("*Yumilicious II*") and Supplemental Order; *Yumilicious Franchise, L.L.C. v. Barrie*, 2015 WL 1856729 (N.D. Tex. Apr. 23, 2015) ("*Yumilicious III*"). The court previously summarized the nature of this lawsuit as follows:

> Why Not entered into two franchise agreements with Yumilicious that granted it the right to operate two self-serve frozen yogurt stores in South Carolina in exchange for royalty fees. Matt Barrie, Kelly Glynn, and Brian Glynn (the "Individual Defendants") executed personal guaranties for Why Not's obligations. After Why Not fell behind on payments due and closed one location without Yumilicious's consent, Yumilicious brought this lawsuit alleging that Defendants failed to comply with their contractual obligations. Yumilicious is seeking to recover damages for unpaid invoices, as well attorney's fees, costs, and prejudgment and postjudgment interest. Defendants have counterclaimed and allege numerous problems with Yumilicious's performance under the franchise agreements. In addition, Defendants allege that Yumilicious fraudulently induced them into entering into the agreements by making false statements regarding, among other things, franchise costs and product suppliers, upon which Defendants relied to their detriment in entering into the agreements and opening the South Carolina stores. Defendants allege they lost

---

[2] A district court is authorized to *sua sponte* consider the sufficiency of a complaint and dismiss an action or claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) after a party is given notice and an opportunity to respond. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007).

**Memorandum Opinion and Order - Page 2**

> their investment in the franchise and other personal assets because of their inability to obtain Yumilicious's proprietary products at a fair market price. Defendants further allege that the franchise agreements and franchise disclosure documents contained misrepresentations and omissions upon which they relied to their detriment.

*Yumilicious III*, 2015 WL 1856729, at *1. An understanding of the procedural posture and the court's prior decisions in this lawsuit is necessary to place the remaining counterclaim in context.

### A. *Yumilicious I*

Defendants' Original Answer, Counterclaim, and Jury Demand (Doc. 5) included counterclaims for fraud, fraudulent inducement, negligent misrepresentation, breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), the Federal Trade Commission Act ("FTCA"), and the Texas and South Carolina Business Opportunities Acts. *See* Defs' Orig. Ans., Countercl., and Jury Demand (Doc. 5). While alleged as separate causes of action, Defendants' counterclaims for alleged violations of the FTCA's Franchise Rule and the Business Opportunity Acts of Texas and South Carolina are subsumed within Defendants' DTPA counterclaim.[3] On August 14, 2014, the court granted in part a motion to dismiss filed by Yumilicious, dismissing with prejudice all counterclaims other than those for fraud, fraudulent inducement, and negligent misrepresentation. *See Yumilicious I*, 2014 WL 4055475.[4] Specifically

---

[3] Defendants' allegations of violations of the Franchise Rule arise in connection with a Franchise Disclosure Document ("FDD") Yumilicious provided them in conjunction with the franchise agreements. Defendants allege the following violations of the Franchise Rule: (1) Plaintiff failed to provide updated disclosures or an updated FDD; (2) the FDD did not contain disclosures regarding approved vendors or distributors for required products; (3) the information disclosed by Plaintiff and included in the FDD underestimated the amount of start-up or build-out costs; and (4) the FDD that Plaintiff provided to Defendants before they signed the franchise agreements included some but not all of the financial performance information previously disclosed by Plaintiff. *See Yumilicious II*, 2015 WL 1822877, at *5 (summarizing counterclaim).

[4] The court allowed Defendants leave to amend as to any counterclaims that were not dismissed as a matter of law, including a declaratory judgment counterclaim, and a request for rescission, punitive damages and attorney's fees. On August 28, 2014, Defendants filed an amended answer and counterclaim. *See* Doc. 18.

**Memorandum Opinion and Order - Page 3**

with reference to the DTPA counterclaim, Yumilicious made numerous arguments in support of dismissal, including that the counterclaim was time-barred under the two-year statute of limitations applicable to DTPA claims. The court agreed that Defendants' DTPA was time-barred and dismissed the counterclaim with prejudice. *See id.*

### B. *Yumilicious II* & Supplemental Order

On October 17, 2014, Defendants filed a motion to reconsider, contending that the court erred in dismissing their DTPA counterclaim as time-barred. *See* Counter-Pls.' Mot. for Reconsideration (Doc. 26). On April 22, 2015, the court issued an order denying the motion to reconsider. *See Yumilicious II*, 2015 WL 1822877. While the court concluded that it erred in dismissing the DTPA counterclaim on statute of limitations grounds, the court nevertheless determined that dismissal was still warranted, albeit on alternate grounds previously argued in Yumilicious's original motion to dismiss. *See id.* at *3 ("After revisiting the grounds asserted in Plaintiff's first motion to dismiss, however, the court concludes that Defendants' DTPA claim fails for other reasons raised in Plaintiff's original motion to dismiss that the court did not previously address."). Agreeing with Yumilicious's previously-made argument in support of dismissal, the court found that the DTPA counterclaim premised on alleged violations of the Franchise Rule should be dismissed because Defendants failed to adequately allege that the representations or omissions in the FDD were intentionally and knowingly false or misleading when made; that they relied to their detriment on any alleged representations or omissions in the FDD, or that any alleged representations or omissions in the FDD caused their damages. *See id.* at *5-6.

In a Supplemental Order entered *nunc pro tunc* to April 22, 2015, the court: (i) vacated that portion of *Yumilicious I* dismissing Defendants' DTPA counterclaim as time-barred, and (ii)

**Memorandum Opinion and Order - Page 4**

pursuant to its analysis in *Yumilicious II*, dismissed the DTPA counterclaim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### C. *Yumilicious III*

While Defendants' motion for reconsideration was pending, Yumilicious filed a motion for summary judgment on its affirmative claims for breach of contract and attorney's fees, and for partial summary judgment on Defendants' counterclaims for fraud, negligent misrepresentation, fraudulent inducement, consequential and punitive damages, and attorney's fees. On April 23, 2015, the court: (i) granted Yumilicious's motion for summary judgment on its affirmative claims awarding it judgment in the amount of $81,194 (which included interest on the unpaid invoices as of March 5, 2015, calculated at a rate agreed to by the parties) as well as reasonable and necessary attorney's fees; and (ii) granted its motion for partial summary judgment on Defendants' counterclaims, and dismissed these claims with prejudice. *Yumilicious III*, 2015 WL 1856729. In its decision, noting that Yumilicious had failed to move for summary judgment on Defendants' counterclaim arising from alleged violations of the Franchise Rule, the court *sua sponte* raised the issue, and directed the parties to brief, whether any remaining counterclaim stemming from alleged violations of the Franchise Rule was subject to dismissal for lack of a private right of action under the FTCA. *See id.* at *10-11. Specifically, the court stated:

> The sole claim remaining is Why Not, L.L.C's, Matt Barrie's, Kelly Glynn's, and Brian Glynn's counterclaim based on alleged misrepresentations and omissions in the Franchise Disclosure Document. *See* Defs.' Am. Ans., Countercl. & Jury Demand ¶¶ 44-45 (Doc. 18). While Yumilicious did not move for summary judgment on this counterclaim, the court's independent research indicates that these claims may be subject to dismissal.
> 
> * * *
> 
> The FTC can bring suit to enjoin a franchisor's failure to furnish a prospective franchisee with the specified information, but no private right of action is available

**Memorandum Opinion and Order - Page 5**

> to franchisees under these regulations. [*See generally* John Boudreau, et al., 62B Am. Jur. 2d Private Franchise Contracts § 26 (2d ed. 2014)]; *see also A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, __ F. Supp. 3d __, 2014 WL 4852095, at *2 (D.D.C. 2014) (no private right of action is available to franchisee for franchisor's failure to furnish required information under Franchise Rule) (collecting cases); *Robinson v. Wingate Inns Int'l, Inc.*, 2013 WL 6860723, at *2 (D.N.J. Dec. 20, 2013) ("It is well-settled that there in no private cause of action for violation of the FTC franchise disclosure rules.") (citations omitted); *Vino 100, LLC v. Smoke on the Water, LLC*, 864 F. Supp. 2d 269, 281 (E.D. Pa. 2012) (same).
>
> In light of the foregoing, the court *sua sponte* raises this issue for summary judgment.  Accordingly, the court **directs** Defendants to respond and file a brief to show cause why their remaining counterclaim alleging misrepresentations and omissions in the Franchise Disclosure Document (*see* Defs.' Am. Ans., Countercl. & Jury Demand ¶¶ 44-45 (Doc. 18)) should not be dismissed either for lack of a private right of action [or failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure].

*Id.* at 20-21 (original emphasis).  The parties have fully briefed the issue, and the matter is ripe for determination.

**II.   Analysis**

As an initial matter, Defendants agree with the court that "the FTC Franchise Rule does not create a private right of action for violation of its requirements[.]" Defs.' Br. 3. (Doc. 49). Defendants argue instead that their counterclaim alleging violations of the Franchise Rule should not be dismissed because the Texas Business Opportunity Act provides a right of action for violations of the FTC Franchise Rule.  *See id.*  Defendants further argue that "[a] violation of the Texas Business Opportunity Act is a violation of the Texas Deceptive Trade Practices Act and is specifically acknowledged to have both private and public rights of action against the violator." *Id.* at 3-4 (citing Tex. Bus. & Com. Code § 51.302).  In opposition, Yumilicious argues that the court has already concluded that Defendants failed to state a claim under the DTPA arising from any

**Memorandum Opinion and Order - Page 6**

alleged violations of the FTC's Franchise Rule, and have been given sufficient opportunities to amend. *See* Yumilicious Resp. 1. (Doc. 50). The court agrees.

As stated above, in *Yumilicious II*, after concluding that it erred in dismissing Defendants' DTPA counterclaim as time-barred, the court found that dismissal was still warranted, albeit on alternate grounds previously raised by Yumilicious in its original motion to dismiss. *See Yumilicious II*, 2015 WL 1822877, at *5-6. In a Supplemental Order, citing its decision in *Yumilicious II*, the court dismissed the DTPA counterclaim for alleged violations of the Franchise Rule for failure to state a claim under Section 17.46 of the DTPA.

Absent a DTPA counterclaim, Defendants lack a basis to bring a separate counterclaim for violations of the Franchise Rule. Courts in this and other circuits have recognized that there is no private right of action for violations of the FTCA. *See supra* Section I (citing cases); *see also Hidden Values, Inc. v. Wade*, 2012 WL 1836087, at *7 (N.D. Tex. May 18, 2012) (Lindsay, J.) (collecting cases). Further, in their response brief, Defendants concede that "the FTC Franchise Rule does not create a private right of action for violation of its requirements[.]" Defs.' Br. 3. (Doc. 49). Accordingly, Defendants' remaining counterclaim based on alleged violations of the Franchise Rule fails to state a claim and should be dismissed, as amendment would be futile.

## III.  Conclusion

For the reasons herein stated, Defendants' remaining counterclaim alleging violations of the Franchise Rule is hereby **dismissed with prejudice** pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of a private right of action under the FTCA. Further, to the extent Defendants seek to assert this counterclaim as a DTPA violation, the court has previously dismissed Defendants' DTPA counterclaim pursuant to Rule 12(b)(6). *See Yumilicious II*, 2015 WL 1822877, at *5-6;

Supplemental Order at 2.  As required, a final judgment will issue separately pursuant to Federal Rule of Civil Procedure 58.

**It is so ordered** this 18th day of May, 2015.

                                                Sam A. Lindsay
                                                United States District Judge