IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **YUMILICIOUS FRANCHISE, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4841-L** |
| | § | |
| **MATTHEW BARRIE; KELLY GLYNN; WHY NOT, LLC; and BRIAN GLYNN,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is Yumilicious's Motion for Attorneys' Fees Pursuant to Fed. R. Civ. P. 54(d)(2), filed June 1, 2015. The court referred this motion to the Honorable United States Magistrate Judge David L. Horan on June 2, 2015. On August 21, 2015, Judge Horan issued the Findings, Conclusions, and Recommendations of the United States Magistrate Judge ("Amended Report") (Doc. 69). The Amended Report recommends that the motion be granted in part and that Plaintiff Yumilicious Franchise, LLC ("Plaintiff" or "Yumilicious") be awarded a total of $145,221 in attorney's fees. Defendants Matthew Barrie; Kelly Glynn; Why Not, LLC; and Brian Glynn (collectively, "Defendants") filed objections to the Amended Report.

Yumilicious sought a total of $166,542.44 in attorney's fees for services performed by two law firms. Plaintiff sought $114,848.50 for attorney's fees incurred by The Wolfe Law Firm, P.C., for services on its behalf; and $51,693.94 for attorney's fees incurred by Baker & Botts L.L.P. for services performed on its behalf. Judge Horan recommended that Yumilicious be awarded $114,848.50 in attorney's fees for services rendered by The Wolf Law Firm, P.C., and $30,372.50 in attorney's fees for services rendered by Baker & Botts L.L.P., for a total award of $145,221.

Order – Page 1

Defendants objected to the Amended Report. With respect to the fees of Baker & Botts L.L.P., Defendants state, "The attorney's fees sought by Plaintiff are not reasonable or necessary to the litigation of their contract claim." Defs.' Obj. 1. Defendants also contend that all work done by Baker & Botts L.L.P. before the lawsuit commenced is not "'related to the litigation' except [the] drafting of the complaint." *Id.* Finally, Defendants contend that all work done by Baker & Botts L.L.P. after the complaint was drafted relates to counterclaims asserted in this lawsuit and in a separate case filed by Defendants in state court. Defendants direct the court to the affidavit of Mr. Gary E. Smith that was filed in support of their objections to the amount of fees sought by Plaintiff in this case.

With respect to attorney's fees sought for the services performed by The Wolf Law Firm, P.C., Defendants contend that the fees sought by Plaintiff are not reasonable or necessary to the litigation of the contract claim. They again refer the court to the affidavit of Mr. Smith.

In sum, Defendants contend that the fees requested by Plaintiffs are "clearly excessive and not reasonable or necessary to pursue the contract case-in-chief to judgment." Defs.' Obj. 2. They contend that the total amount of fees awarded to both firms should not exceed $30,000. Further, Defendants contend that all other fees claimed by Plaintiff "could and should have been segregated in that they were for the purpose of contesting the counterclaim[s]." *Id*.

The court concludes, upon an independent review, that the hourly rates found by Judge Horan for the various attorneys who performed services are reasonable and reflect the customary hourly rates for attorneys in the Dallas legal market with the same or similar ability, experience, and skill as those attorneys who performed services on behalf of Plaintiff. Accordingly, the court will not disturb the findings and conclusions of the magistrate judge in this regard.

The court next turns to the issue of segregation of fees. The court and parties recognize that there is a general rule under Texas law for the prevailing party to segregate out hours that were not reasonable and necessary to prosecute claims on which that party prevailed. There are some exceptions to this general rule, as the court will discuss.

The court determines that Judge Horan correctly applied the law regarding attorney's fees insofar as they relate to affirmative defenses and counterclaims asserted by Defendants. "[T]o prevail on a contract claim[,] a party must overcome any and all affirmative defenses." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006). Likewise, when a defendant asserts a counterclaim that the opposing party must defeat to recover fully on its breach of contract claim, segregation of fees is not required. *Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex. 2007). Defendants set forth affirmative defenses and counterclaims that Plaintiff had to defeat to prevail on its breach of contract claim. Thus, under these circumstances, segregation of fees is not required by Yumilicious as the prevailing party.

Having conducted a de novo review of the Amended Report, considered the parties' briefing on the issue of attorney's fees, and applied the applicable law, the court **concludes** that the amended findings and conclusions of the Magistrate Judge are correct and **accepts** them as those of the court.

The court, therefore, **overrules** Defendants' objections, and Yumilicious Franchise, LLC, is entitled to and shall recover attorney's fees from Defendants, jointly and severally, in the total amount of **$145,221**, of which **$114,848.50** is awarded as reasonable and necessary attorney's fees for services performed by The Wolf Law Firm, P.C., and **$30,372.50** is awarded for reasonable and necessary attorney's fees for services performed by Baker & Botts L.L.P.

**It is so ordered** this 25th day of October, 2016.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Order – Page 4**